UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
In re:                                                  :
NORTHEAST INDUSTRIAL DEVELOPMENT              :
CORP.,                                                  :
                                                        :
                              Debtor,                   :        14-cv-2694 (NSR)
In re:                                                  :
NORTHEAST INDUSTRIAL DEVELOPMENT              :
CORP.,                                                  :
                                                        :
                              Plaintiff,                :
        -against-                                       :
                                                        :        OPINION AND ORDER
PARKSTONE CAPITAL PARTNERS, LLC,              :
PARKSTONE CAPITAL PARTNERS II, LLC,           :
VINCENT RIPPA, ESQ., JONATHAN CHILDS,         :
                                                        :
                              Defendants.                :
------------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge:

        Plaintiff Northeast Industrial Development Corp. ("Plaintiff") filed a Petition under

Chapter 11 of the United States Bankruptcy Code (the "Code") , 11 U.S.C. §§ 1101 et seq., on

December 2, 2013.

        On January 29, 2014, Plaintiff commenced an adversary proceeding against Parkstone

Capital Partners, Rippa, and Jonathan Childs (collectively, "Defendants") pursuant to 11 U.S.C.

§§ 542 and 548 and Federal Rules of Bankruptcy Procedure 4007 and 7001.

        Defendant Vincent Rippa, Esq. ("Rippa") now moves pursuant to 28 U.S.C. § 157(d) for

withdrawal of the reference of this action to the Bankruptcy Court. Rippa filed the present

motion to withdraw the reference to the Bankruptcy Court on April 16, 2014. Plaintiff opposed

the motion on April 28, 2014. For the reasons that follow, Rippa's motion is denied.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2014

1

## I. MOTION TO WITHDRAW STANDARD

In relevant part, 28 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The statute does not define the phrase "for cause," but courts have focused on considerations of judicial economy and uniformity in the administration of bankruptcy law. *See, e.g., Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). The Court of Appeals for the Second Circuit established the framework whereby the threshold question is whether the case involves a core or non-core proceeding, "since it is upon this issue that questions of efficiency and uniformity will turn." *Id.* After the District Court "makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors," such as the presence of a jury demand. *Id.; see also Schneider v. Riddick (In re Formica Corp.)*, 305 B.R. 147, 149–50 (S.D.N.Y. 2004). The moving party bears the burden of demonstrating that permissive withdrawal of the reference is warranted. *Nisselson v. Salim (In re Big Apple Volkswagen, LLC)*, No. 12 Civ. 92, 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013).

*Stern* held that a Bankruptcy Court could not enter final judgment on some claims otherwise characterized as core. *See* 131 S.Ct. at 2605, 2611–18, 2620. While the core/non-core determination is an important factor, courts have repeatedly emphasized that this factor is not dispositive of a motion to withdraw a reference. *See, e.g.*, Amended Order, *Lehman Bros. Special Fin. Inc. v. Fed. Home Loan Bank of Cincinnati (In re Lehman Bros. Holdings Inc.)*, No. 13 Civ. 4121, at 3–4 (S.D.N.Y. Mar. 27, 2014); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings Inc.)*, 480 B.R. 179, 195 (S.D.N.Y. 2012); *Schneider*,

305 B.R. at 150–51; *Enron Power Mktg., Inc. v. City of Santa Clara (In re Enron Power Mktg., Inc.)*, No. 01 Civ. 7964, 2003 WL 68036, at \*10–11 (S.D.N.Y. Jan. 8, 2003). In this case, the Court need not decide the effect of the Supreme Court's decision in *Stern v. Marshall*, ––– U.S. ––––, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), on the application of the *Orion* factors. *In re Lehman Bros. Holdings Inc.*, 2014 WL 1877937, at \*6 (S.D.N.Y. May 10, 2014).

The Bankruptcy Court may hear the case in the first instance and recommend proposed findings of fact and conclusions of law for final adjudication in the District Court. *See* 11 U.S.C. § 157(c)(1). From a practical standpoint, the Bankruptcy Court will oversee discovery in this adversary proceeding. *In re Lehman Bros. Holdings Inc.*, 2014 WL 1877937, at \*3. Thereafter, there may be a motion for summary judgment, or the matter may be settled. *Id.* If a motion for summary judgment were granted, the District Court would review the decision de novo, but the decision by the Bankruptcy Court would be helpful to the Court and the District Court's review would not be a separate and additional litigation. *Id.* If the adversary proceeding progressed to trial, Rippa could seek to withdraw the reference at that time. *Id.* For example, Rippa could seek to withdraw the reference if a decision depended on judicial determinations of credibility. *See Schneider*, 305 B.R. at 151–52. But until that time, it is plain that efficiency would be served by leaving this adversary proceeding in the Bankruptcy Court, which is currently supervising discovery. *JPMorgan Chase*, 480 B.R. at 196 ("[G]iven the bankruptcy court's involvement thus far in the litigation, the Court finds that judicial economy weighs against withdrawing the reference at this time." (collecting cases)). This experience will inform the Bankruptcy Court's recommendations, which will therefore be of particular value to the District Court in making its ultimate determination on the matter. *See* Amended Order, *Fed. Home Loan Bank of Cincinnati*, No. 13 Civ. 4121, at 4.

The Bankruptcy Court's resolution of any motion for summary judgment, or any decision by the Bankruptcy Court based on the documentary record, will be very useful to the District Court given the Bankruptcy Court's expertise with adversary proceedings. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Securities),* 490 B.R. 46, 58 (S.D.N.Y. 2013) (commenting on the efficiency realized by "receiving the recommendation of a court that possesses both intimate familiarity with the underlying liquidation and substantial expertise in the bankruptcy law . . . ."). The Bankruptcy Court's expertise in these matters is entitled to respectful consideration.

Rippa has not met the burden to withdraw given the complexity of the bankruptcy, the litigation in this pending adversary proceeding that has already occurred in the Bankruptcy Court, and the Bankruptcy Court's ongoing experience. *In re Lehman Bros. Holdings Inc.*, 2014 WL 1877937, at *4. Ultimately, "the second round of litigation will be made much easier by the first." Amended Order, *Fed. Home Loan Bank of Cincinnati*, No. 13 Civ. 4121, at 4 (citing *Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012)).

"Whether a dispute is legal or equitable in nature and consequently whether the litigants are afforded the right to a jury trial is another consideration in determining whether the reference should be withdrawn." *McHale v. Citibank, N.A.*, No. 09 Civ. 6064, 2009 WL 2599749, at *4 (S.D.N.Y. Aug. 24, 2009). Courts have denied motions to withdraw a reference in cases involving legal claims and jury demands where they have found that it would be more efficient for the Bankruptcy Court to handle pre-trial matters. *See, e.g., Schneider*, 305 B.R. at 150; *see also Murphy v. Cnty. of Chemung (In re Murphy)*, 482 F. App'x 624, 628 (2d Cir. 2012) ("The mere presence of a jury demand in a case does not mandate withdrawal of the reference...."). Thus, the legal nature of the claim has no particular relevance in this case and does not support

4

withdrawal of the reference at this time. *In re Lehman Bros. Holdings Inc.,* 2014 WL 1877937, at *5.

Given the well-recognized admonition that withdrawal be employed "judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court," this final factor weighs slightly against granting Rippa's motion. *Schneider,* 305 B.R. at 151 (citation omitted). The plaintiff's choice of forum is "'entitled to substantial consideration.'" *Warrick v. General Elec. Co. (In re Warrick),* 70 F.3d 736, 741 (2d Cir. 1995) (quoting *A. Olnick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir. 1966)). The considerations of efficiency weigh against granting Rippa's motion to withdraw the reference at this time. *In re Lehman Bros. Holdings Inc.,* 2014 WL 1877937, at *6. Therefore, the motion is denied.

## II. CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, Rippa's motion to withdraw the reference to the Bankruptcy Court is denied. The Clerk is directed to close Docket No. 1 and to close this case.

SO ORDERED.

Dated: May 28, 2014
     White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

5